IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Angel Torres Toro, | Case No. 1:13 CV 825 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Margaret Bradshaw, *Warden*, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Angel Torres Toro filed this Petition for a Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2254 challenging his 2010 conviction in Cuyahoga County, Ohio on three counts of drug trafficking with school-yard specifications and one count of drug trafficking with forfeiture specifications. Petitioner, who is in state custody at the Richland Correctional Institution, names Warden Margaret Bradshaw as Respondent. His Petition asserts two grounds for relief: (1) he was denied his constitutional right to appeal; and (2) he received ineffective assistance of trial counsel. He seeks an unconditional writ unless the State grants him the opportunity to file an appeal of his conviction and sentence. Petitioner also filed a Motion to Proceed *In Forma Pauperis* (Doc. 2). For the reasons explained below, the Motion to Proceed *In Forma Pauperis* is granted, the Petition for a Writ of Habeas Corpus is denied, and this action is dismissed.

## BACKGROUND

Petitioner was indicted by the Cuyahoga County grand jury in July 2010 and charged in a 22-count indictment with fourteen trafficking offenses, seven counts of drug possession, and one count of possession of criminal tools. In August 2010, Petitioner pled guilty to three drug trafficking offenses with school-yard specifications, and one drug trafficking offense with forfeiture specifications in exchange for the dismissal of the remaining charges. He was sentenced in September 2010 to eight years of incarceration on each count, to be served concurrently, and five years of post-release control. Petitioner did not file a direct appeal of his conviction or sentence.

Instead, Petitioner filed a petition for post-conviction relief in the state trial court in January 2011. He asserted three grounds for relief:

1. Petitioner received ineffective assistance of counsel based upon failure to ensure substantive right to interpreter and prevent a manifest miscarriage of justice.

2. Attaching schoolyard specification to the preparation for sale offense, contained in trafficking statute, demonstrates outrageous government conduct.

3. Convictions are allied offenses of similar import under theory of a continuous course of conduct.

(Doc. 1 at 3). The trial court denied the petition in July 2011. Petitioner filed an appeal to the Ohio Eighth District Court of Appeals, and for reasons not clear from the state-court docket, the appellate court remanded the case in April 2012. The trial court issued an additional opinion on the post-conviction petition in February 2013. Petitioner did not appeal this decision.

Petitioner then attempted to file a delayed direct appeal pursuant to Ohio Appellate Rule 5 in the Ohio Eighth District Court of Appeals in September 2012, and the Court of Appeals denied the motion. Petitioner then filed a motion for delayed appeal in the Ohio Supreme Court, and the court

denied that motion in February 2013. Petitioner filed the instant federal Petition in April 2013, asserting two grounds for relief:

1. The Petitioner was denied his constitutional right to appeal his conviction and sentence; and

2. Counsel was ineffective for not protecting the Petitioner's right to file a timely appeal.

(Doc. 1 at 4, 5). Petitioner claims the state court prohibited him from exercising his right to appeal. He also alleges his trial counsel informed him he would file a timely appeal on Petitioner's behalf but failed to do so (Doc. 1 at 5).

### STANDARD OF REVIEW

A federal court may entertain a habeas petition filed by a person in state custody only on the ground his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If so, the petition must be dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody

3

pursuant to the judgment of a state court, the state court's determination of facts shall be presumed correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774–76 (6th Cir. 2008). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A district court, therefore, may not grant habeas relief on any claim adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)–(2).

A decision is contrary to clearly established law under Section 2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to qualify as an "unreasonable application of . . . clearly established Federal law," the state court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409.

A state court's determination of fact will be unreasonable under Section 2254(d)(2) only if the fact finding conflicts with clear and convincing evidence to the contrary. *Wiggins v. Smith*, 539 U.S. 510, 528–29 (2003). "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

**ANALYSIS**

Before this Court can review the merits of the Petition, Petitioner must overcome several procedural hurdles. Specifically, he must surmount the barriers of exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c). Exhaustion is fulfilled once a state supreme court provides a petitioner a full and fair opportunity to review his claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Fair presentation requires the state courts be given the opportunity to see both the factual and legal basis for each claim. *Id.* Moreover, each claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law, and must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Koontz*, 731 F.2d at 369. This does not mean Petitioner must recite "chapter and verse" of constitutional law, but he is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last-explained

5

state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

To determine if a claim is procedurally defaulted, a court must determine whether: (1) there is a state procedural rule that is applicable to a petitioner's claim and petitioner failed to comply with the rule; (2) the state courts actually enforced the state procedural sanction; and (3) the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A claim procedurally defaulted in state court will not be reviewed by a federal habeas court unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court considering a habeas petition under Section 2254 may review only federal claims evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not

6

properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

In this case, Petitioner did not raise either of his grounds for relief in the state courts. He asserts his attorney told him he would file a direct appeal and did not do so, and as a result he was denied effective assistance of counsel. He was unable to present this claim to the Ohio courts because his motion to file delayed appeal was denied by the Eighth District Court of Appeals. He claims as a separate ground for relief in his Petition that he was denied his constitutional right to appeal when the Ohio Court of Appeals denied his motion for delayed appeal. That claim is also unexhausted because Petitioner failed to file a timely appeal of that decision to the Ohio Supreme Court. Neither claim was properly exhausted.

Where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to return to state court to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). Where, as in this case, return to state court would be futile as no avenue of review remains open, the claims are considered to be procedurally defaulted. *See O'Sullivan*, 526 U.S. at 847–48; *Harris v. Reed*, 489 U.S. 255, 260–62 (1989).

Federal habeas review therefore is barred unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Petitioner claims his counsel told him he would file the appeal and failed to follow through with the timely appeal. While ineffective assistance of counsel can be used to demonstrate cause, that ground must also be exhausted. Petitioner did not exhaust this claim and therefore has not established "cause" for the default.

7

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). Petitioner does not claim he is innocent of the crimes in the underlying conviction. There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

## CONCLUSION

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is denied, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, this Court certifies pursuant to 28 U.S.C. §§ 1915(a)(3) and 2253 that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. *See* Fed. R. App. P. 22(b).

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 30, 2013